SOUTHERN DISTRICT OF MISSISSIPPI
FILED

SEP 10 2024

ARTHUR JOHNSTON
BY_____ DEPUTY

** **UNITED STATES DISTRICT COURT**

Northern

**~~Southern~~ District of Mississippi**

3:24-cv-537-CWR-LGI

**Joseph Bourrage,**

**Plaintiff,**

**v.**

**Sheriff Billie Sollie, Officer Trey Byrd T876, John Doe/ name and badge currently unknown**

**Defendant(s).**

**Case No.: [_____]**

## **COMPLAINT**

## **JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) for the federal claims, as well as supplemental jurisdiction over any related state law claims.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred within this District, specifically in Lauderdale County, Mississippi. The alleged constitutional violations and incidents described in the complaint took place within the jurisdiction of the Lauderdale County Sheriff's Department in Mississippi, implicating both federal and state jurisdiction over the claims asserted.

## **EXHAUSTION REQUIREMENT**

The plaintiff is excused from the exhaustion requirement due to futility and the lack of remedies in the prison system. Jail grievance proceedings at the Lauderdale County Detention Facility do not offer monetary relief for compensation. Previous attempts at utilizing grievance procedures have been ineffective. Citing Ross v. Blake (2016) and Doe v. California DOC (2004), Further The Prison Litigation Reform Act (PLRA) applies only to individuals who are "prisoners" (as defined by 42 U.S.C. § 1997e(h)) at the time they file their civil actions and plaintiff is within statutory jurisdiction and no longer a prisoner. Plaintiff respectfully request the exhaustion requirement be waived for a timely resolution.

## **PARTIES**

4. Plaintiff, Joseph Bourrage, is a citizen residing in Meridian, Mississippi.

5. Defendant, Officer Trey Byrd (T876), is a law enforcement officer employed by the Lauderdale County Sheriff's Department and acted under the color of state law at all relevant times.

6. Defendant, Officer John Doe (name and badge number currently unknown), is also a law enforcement officer employed by the Lauderdale County Sheriff's Department and acted under the color of state law at all relevant times.

7. Defendant, Sheriff Billie Sollie, is the Sheriff of Lauderdale County and was employed by the Lauderdale County Sheriff's Department during all relevant times to this action, acting under the color of state law.

**FACTUAL ALLEGATIONS**

8. On July 12, 2019, the Plaintiff was returning from a urinalysis screening for employment purposes when he arrived at his girlfriend's house with a male associate. While still in the vehicle, parked in the private parking area of the property, he was approached by Officer Byrd and other officers of the Lauderdale County Sheriff's Department, who confronted him at gunpoint and demanded that he exit the vehicle. Officer Byrd and Officer John Doe (name currently unknown), were unlawfully pursuing the Plaintiff.

9. In fear for his life as an African American male, Plaintiff complied with all commands under direct duress. Without cause or justification, Officer Byrd proceeded to tackle Plaintiff and conduct an unlawful search of Plaintiff's person and then vehicle. This included handcuffing Plaintiff and unbuckling and reaching inside his pants, fumbling with his genitalia invading plaintiff's' privacy and publicly humiliating Plaintiff before forcing him into the K9 compartment of his patrol vehicle.

10. Plaintiff sustained multiple injuries during the incident, including further injury to an inguinal hernia. The K9 compartment, where Plaintiff was placed, had no seating and reeked of animal urine and feces.

11. Furthermore, Officer Byrd drew his service weapon again on Plaintiff's girlfriend's son, a member of the armed forces returning from National Guard duties without justification. Officer Byrd acted in a loud, disrespectful, dangerous and argumentative manner towards Plaintiff's girlfriend, threatening her and her children with jail if they entered their home. This forced the woman and her children to stand in the rain. Officer Byrd then proceeded to move the girlfriend's car out of her driveway, which is private property and on private property, onto a public street without any consent so a private wrecker could tow it "not" government impound.

12. Officer Byrd, without lawful justification, proceeded to issue Plaintiff five traffic citations following the incident: 099893000, 099894000, 099895000, 099896000, and 099892000 (see attached "Abstract"), despite lacking probable cause for such citations. These citations were

baseless and were ultimately dismissed 3 years, 5 months and 15 days later in Lauderdale County Justice Court, Mississippi on 12/27/2022.

13. The issuance of these citations further exacerbated the distress and inconvenience experienced by Plaintiff, adding to the unjust treatment and violation of Plaintiff's rights during the encounter with Defendant Byrd.

**Failure to Act**

14. Defendant Trey Byrd, Badge #T876, a law enforcement officer, had a duty to uphold the law, protect citizens, ensure public safety, and serve the community with integrity, while respecting individual rights and acting in a professional and ethical manner. The conduct of Defendant Byrd and the Lauderdale County Sheriff's Department during the incident exhibited an abuse of power, racial profiling, and disregard for the rights and dignity of the Plaintiff and associated individuals.

15. Defendant Billie Sollie, as the Sheriff of the Lauderdale County Sheriff's Department, is responsible for enforcing laws, maintaining public order, overseeing personnel training and development, and collaborating with other law enforcement agencies to uphold the law, protect citizens, ensure public safety, and serve the community with integrity, while respecting individual rights and acting in a professional and ethical manner. As the chief law enforcement officer in the county, Defendant Sollie failed to take action to audit and allocate resources or implement proactive measures to address the situation before the plaintiff's encounter, leading to abuses, injuries, loss of trust, and heightened fear among residents and citizens.

16. Each Defendant had a legal obligation and sworn duty as law enforcement officers to uphold the laws, protect citizens, ensure public safety, and serve the community with integrity and professionalism.

17. However, each Defendant failed to protect the plaintiff's constitutional rights, resulting in harm, loss of trust, legal implications, and a negative impact on public safety and well-being.

18. Each Defendant is an agent of the Lauderdale County Sheriff's Department and their actions have fostered a climate of fear, intimidation, mental anguish, and discrimination within the community.

**CLAIMS FOR RELIEF AGAINST DEFENDANT BYRD AND LAUDERDALE COUNTY SHERIFF'S DEPARTMENT**

19. Plaintiff asserts the following claims for relief:

**First Claim for Relief: Fourth Amendment Violation**

20. Defendants' actions described above violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article 3, Section 14 of the Mississippi Constitution, which safeguards plaintiff's privacy and protects against unreasonable searches and seizures.

**Second Claim for Relief: Due Process and Equal Protection Violation**

21. Officer Byrd's actions described above violated Plaintiff's rights to equal protection under the Fourteenth Amendment to the United States Constitution and Article 3, Section 14 of the Mississippi Constitution, which protects against deprivation of life, liberty, or property without due process of law.

**Third Claim for Relief: Excessive Force**

22. Officer Byrd's use of excessive force during the encounter, including drawing his service weapon and conducting an unlawful search, constitutes a violation of Plaintiff's rights under the Fourth Amendment of the U.S. Constitution and Article 3, Section 28 of the Mississippi Constitution.

**Fourth Claim for Relief: Cruel and Unusual Punishment**

23. Officer Byrd's actions in subjecting Plaintiff to inhumane conditions in the K9 compartment of the cruiser, without regard for Plaintiff's health and safety, constitute cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.

24. Officer Byrd's use of excessive force, including drawing his service weapon, conducting an unlawful search, and subjecting Plaintiff to inhumane conditions in the K9 compartment of the cruiser, without regard for Plaintiff's health and safety, amount to cruel and unusual punishment in violation of Plaintiff's rights under Article 3, Section 28 of the Mississippi Constitution.

**Fifth Claim for Relief: Due Process Violation**

25. Officer Byrd's actions deprived Plaintiff of his rights to procedural and substantive due process under the Fourteenth Amendment of the U.S. Constitution by subjecting him to unwarranted search and seizure and mistreatment without proper legal proceedings.

**Sixth Claim for Relief: Equal Protection Violation**

26. Officer Byrd's actions, particularly considering the differential treatment based on Plaintiff's race without legitimate justification, constitute a violation of Plaintiff's right to equal protection under the law as guaranteed by the Fourteenth Amendment of the U.S. Constitution and Article 3, Section 14 of the Mississippi Constitution.

**Seventh Claim for Relief: Invasion of Privacy**

27. Officer Byrd's invasive search of Plaintiff's person and property, including reaching inside Plaintiff's pants, violates Plaintiff's right to privacy under the Fourth Amendment of the U.S. Constitution and Article 3, Section 14 of the Mississippi Constitution.

**CLAIMS FOR RELIEF AGAINST DEFENDANT SOLLIE**

**28. Violation of United States Constitutional Rights:**

Defendant Sheriff Sollie, in his capacity as the chief law enforcement officer of the Lauderdale County Sheriff's Department, is tasked with upholding and protecting the constitutional rights of individuals under the United States Constitution. By failing to prevent and address the misconduct, abuse of power, and racial profiling exhibited by officers under his command, including Defendant Byrd, Defendant Sollie violated the Plaintiff's rights guaranteed under the Fourth Amendment (unlawful search and seizure) and the Fourteenth Amendment (due process and equal protection).

**29. Violation of Mississippi Constitutional Rights:**

In addition to the United States Constitution, individuals in Mississippi are entitled to certain rights and protections under the Mississippi State Constitution. Defendant Sheriff Sollie's failure to ensure that officers under his command respected the rights of individuals and conducted themselves in accordance with state law violated the Plaintiff's rights under the Mississippi Constitution, including provisions related to due process, equal protection, and freedom from unreasonable searches and seizures.

**30. Negligent Supervision:**

Defendant Sheriff Sollie had a duty to supervise, train, and discipline officers under his command to ensure that they respected both federal and state constitutional rights. The failure to adequately supervise and control the actions of Defendant Byrd and other officers, resulting in violations of the Plaintiff's constitutional rights and physical harm, constitutes negligent supervision on the part of Defendant Sollie.

**31. Failure to Train:**

As the head of the Lauderdale County Sheriff's Department, Defendant Sollie is responsible for providing proper training to officers on respecting constitutional rights and upholding the law. The failure to provide adequate training on constitutional requirements, including those outlined in both the United States Constitution and the Mississippi Constitution, contributed to the unlawful actions and violations committed against the Plaintiff, leading to harm and distress.

**32. Municipal Liability:**

Defendant Sheriff Sollie, as the Sheriff of the Lauderdale County Sheriff's Department, represents the county in matters of law enforcement. Under the doctrine of municipal liability, the actions and omissions of law enforcement officers can expose the municipality (Lauderdale County) to liability for constitutional violations under both federal and state law. Defendant Sollie's failure to prevent unconstitutional conduct within the department may render the municipality liable for the harm caused to the Plaintiff.

**33. Intentional Infliction of Emotional Distress:**

Defendant Sollie's failure to intervene and prevent the egregious conduct of officers under his command, resulting in the Plaintiff being subjected to physical harm, humiliation, and emotional

distress, constitutes intentional infliction of emotional distress. By condoning and allowing such behavior to persist within the department, Defendant Sollie directly contributed to the Plaintiff's suffering and the violation of his constitutional rights under both the United States and Mississippi Constitutions.

34. Defendant's actions described above violated Plaintiff's rights under Article 3, Section 14 of the Mississippi Constitution, safeguarding privacy and protecting against unreasonable searches and seizures.

**Prayer for Relief**

Plaintiff respectfully requests the following relief:

35. A declaration that the Defendant's actions violated the Plaintiff's constitutional rights.

36. Compensatory damages for emotional distress, humiliation, injury and any other damages resulting from the Defendant's actions in the amount of $20,000,000 individually and severally.

37. Punitive damages to deter similar unlawful conduct in the future in the amount of $250,000 individually and severally.

38. Attorney fees against Defendants in the amount of $100,000 individually and severally.

39. Plaintiff also requests the costs of this action and such other relief as the court may deem just and proper.

40. Any further relief that the court deems just and proper.

**Jury Trial Demand:**

The plaintiff demands a trial by jury on all issues so triable.

Date: Sept 9Th. , 2024

/s/

Joseph Bourrage

Pro Se Litigant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9ᵀᴴ day of September, 2024, I served a true and correct copy of the Summons and Complaint in the above-captioned matter to the following parties:

1. **Sheriff Billie Sollie**
   612 22nd Avenue S.
   Meridian, MS 39301

2. **Officer Trey Byrd (T876)**
   612 22nd Avenue S.
   Meridian, MS 39301

3. **John Doe**
   612 22nd Avenue S.
   Meridian, MS 39301

by *certified mail*, as provided by the rules of the United States District Court for the Northern District of Mississippi.

**Attorney for Defendants:**
Kassie Coleman
612 22nd Avenue S.
Meridian, MS 39301
Office: 601-482-9759
Fax: 601-483-0085
Email: da10@lauderdalecounty.org

**Plaintiff:**
Joseph Bourrage
4809 Cantata Drive
Walls, MS 38680
Email: bourragejoseph01@gmail.com
Phone: 901-481-8734

**Date:** Sept 9ᵀᴴ, 2024
**Signature:**
**Name:** Joseph Bourrage

**UNIFORM CERTIFICATE OF INTERESTED PERSONS**

**Case No.:** [_____]
**Court:** United States District Court
**Northern District of Mississippi**
**Title of Case:** Joseph Bourrage vs. Billie Sollie, Trey Byrd, John Doe (name currently unknown)

**Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned certifies that the following persons, entities, or organizations may have an interest in the outcome of this case:**

**Defendants:**

1. **Sheriff Billie Sollie**
   612 22nd Avenue S.
   Meridian, MS 39301

2. **Officer Trey Byrd (T876)**
   612 22nd Avenue S.
   Meridian, MS 39301

3. **John Doe**
   612 22nd Avenue S.
   Meridian, MS 39301

**Attorney for Defendants:**

Kassie Coleman
612 22nd Avenue S.
Meridian, MS 39301
Office: 601-482-9759
Fax: 601-483-0085
Email: da10@lauderdalecounty.org

**Plaintiff:**

Joseph Bourrage
4809 Cantata Drive
Walls, MS 38680
Email: bourragejoseph01@gmail.com
Phone: 901-481-8734

**The undersigned further certifies that this certificate is complete and accurate to the best of their knowledge.**

**Date:** _Sept 9TH_, 2024
**Signature:**
**Name:** Joseph Bourrage

4809 Cantata Drive
Walls, MS 38680
Email: bourragejoseph01@gmail.com
Phone: 901-481-8734