IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSEPH BOURRAGE**                                                                        **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:24-cv-0537-CWR-LGI**

**SHERIFF BILLIE SOLLIE, et al.**                                    **DEFENDANTS**

## ORDER

This matter is before the Court on *pro se* Plaintiff Joseph Bourrage's numerous discovery motions – Motion for Discovery [9], Motion to Compel Initial Disclosures [17], Motion to Compel Full Initial Disclosures [19], and Motion to Compel Discovery [27]. Also before the Court are Plaintiff's Motion to Amend Complaint [18] and Defendants' Motion to Extend Deadline to File Dispositive Motions [26]. On April 11, 2025, Defendants filed a Response in Opposition [20] to Plaintiff's Motion to Compel Initial Disclosures [17]. The Court, after noting no response to Plaintiff's Motions [9], [18], and [19], entered an order directing Defendants to respond to the Motions within 5 days, or to advise that no response would be forthcoming. *See* Text-only Order, dated 06/12/2025. On June 17, 2025, Defendants filed a joint Response in Opposition [22] to Plaintiff's Motion to Compel Full Disclosures [19] and Motion for Discovery [9]. They also filed a Response in Opposition [23] to Plaintiff's Motion to Amend Complaint [18]. The Court, having considered the submissions, the record and relevant law, finds that the motions are ripe for review and considers all motions herein.

    **I.**    **Discovery Motions**

On November 4, 2024, Plaintiff filed a Motion for Discovery [9], "formally request[ing] access to all video and audio recordings related to the incident involving him that occurred on July

12, 2019." Doc. [9] at 6, ¶ 3.[1] Specifically, he seeks any recordings made "by body cameras, dash cameras, or surveillance cameras operated by the Lauderdale County Sheriff's Department during the time of the incident." *Id.* at 7. Additionally, he requests all medical records related to the treatment of injuries sustained during the incident, including but not limited to "documentation of medical evaluations, treatments, medications prescribed, and follow-up care during the Plaintiff's time in custody." *Id.*

On March 27, 2025, Plaintiff filed a Motion to Compel Full Initial Disclosures [19], seeking an order compelling Defendants to provide full initial disclosures. Plaintiff acknowledges that "some initial disclosures have been provided, [but] they are incomplete and do not include crucial information necessary for the Plaintiff to adequately prepare for trial." *Id.* at 1. Specifically, Plaintiff seeks investigative reports, exhibits, jail medical records, grievance logs, dispatch reports, video and audio recordings related to his arrest on July 12, 2019, and any other document relevant to his case. *Id.* Plaintiff accuses Defendants of using evasive tactics to avoid producing the requested documents and records. *Id.* at 1-2. He also argues Defendants' failure to provide complete disclosures prejudices him and hinders his ability to prepare his case. *Id.* at 2.

On June 17, 2025, Defendants filed a joint Response in Opposition [22], addressing both the Motion for Discovery [9] and the Motion for Full Initial Disclosures [19]. Defendants respond in opposition, first arguing that the Plaintiff's motions should be denied as without merit. *Id.* Second, Defendants ask this Court to deny the motions, because Plaintiff failed to request a telephonic conference to discuss these discovery issues before filing the motions, as required by the Court's Case Management Order [13]. *Id.*

---

[1] In a single document, *pro se* Plaintiff includes his Rebuttal to Defendant's Answer to Complaint [8] and the instant Motion for Discovery [9]. The Clerk of Court has separated the pleadings on the case docket into Docket Nos. [8] and [9]. The Court considers the instant motion at Doc. [9] only.

2

Despite their opposition, Defendants respond substantively to the requests for discovery. Summarily, they state their Initial Disclosures, served on or about March 18, 2025, provided the information and/or documentation sought by Plaintiff. *Id.* at 1-2; *see also* Notice of Service [19]. Aside from the documentation already produced, Defendants submit there is no video, audio or surveillance recordings of the subject arrest. *Id.* at 2. Likewise, Defendants state they have produced jail records, via email to Plaintiff. *Id.* While they assert that Plaintiff made no contention that he was treated for any injuries related to the arrest while detained, "as a matter of caution, [they agree to] obtain and produce the Plaintiff's medical records from Lauderdale County Detention Facility." *Id.* As to the request for full initial disclosures, Defendants state Plaintiff included no factual assertion to support his contention that the disclosures produced were incomplete. *Id.* They argue Plaintiff did not identify any type of exhibit, log, grievance or dispatch report withheld that is relevant to his arrest and would adversely affect his ability to prepare for trial. *Id.* Finally, Defendants argue Plaintiff had ample opportunity to obtain discovery in this case but propounded no discovery. *Id.* at 3.

The Court construes Plaintiff's Motion for Discovery [9] as a motion to compel discovery. Upon review of the docket, the undersigned finds that Plaintiff has not filed any notice(s) of service of discovery requests, which indicates that discovery was not propounded by Plaintiff. However, the Court surmises that Plaintiff may have served discovery requests on Defendants at some point, as the docket reflects that he filed a Motion to Withdraw Interrogatories and Requests for Admissions [10] on November 25, 2024.[2] Because the Plaintiff did not include, in his earlier

---

[2] Notably, in Plaintiff's Motion to Withdraw [10], he moved "for an Order allowing him withdraw the Interrogatories and Requests for Admissions served on the Defendants on October 28, 2024, and to allow for the re-filing of these request at a later time." Doc. [10] at 1. Although Defendants filed a Notice of Service [11] of Response to Request for Admissions on December 4, 2024, the parties submitted an Agreed Order [12] granting the Motion to Withdraw the discovery requests, which was also entered by this Court on December 4, 2024.

3

motion to withdraw, any reference to the production of documents, video, and audio recordings sought in the Motions for Discovery or Full Initial Disclosures, the Court concludes the Plaintiff never formally served these discovery requests on Defendants. Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and the Local Uniform Civil Rules generally govern the production of information and documents sought. The Court finds no evidence that Plaintiff has utilized the procedures set forth in the rules to obtain the information before filing his discovery motions.

Next, the Court addresses Defendants' contention that the motions should be denied, because Plaintiff failed to seek a discovery conference before filing the motions. The case docket reveals that Plaintiff's Motion for Discovery [9] was filed early in the case – before the Rule 16(a) Initial Case Management Conference, held on December 16, 2024. *See* Minute Entry, dated 12/16/2024. And the Motion to Compel Full Disclosures [19] was filed on March 37, 2025 – after the Case Management Order was entered in this case. The Court's Case Management Order [13], provides:

> [B]efore a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B) (v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

Doc. [13] at 3, ¶ 6.F.4.

Indeed, the Court finds that Plaintiff filed both the Motion for Discovery [9] and the Motion for Full Initial Disclosures [19] without first complying with the procedures set forth in the Federal Rules of Civil Procedure and the Court's Case Management Order [13]. Therefore, it declines to consider the arguments on the merits and denies both motions on procedural grounds. The Motion for Discovery [9] is hereby DENIED WITHOUT PREJUDICE, and the Motion for Full Initial Disclosures [19] is hereby DENIED WITHOUT PREJUDICE.

While the discovery deadline has expired in this case, the Court recognizes that the instant motions, while procedurally flawed, were at least filed prior to the expiration of the discovery deadline. As such, the Court shall grant Plaintiff a brief period of time to propound interrogatories and requests for production to Defendants, limited to the information and/or documentation sought in the Motion for Discovery [9] and Motion for Full Initial Disclosure [19]. Plaintiff is expressly prohibited from seeking information outside the scope of the previously requested information, as set forth in the Motions at [9] and [19]. Plaintiff is directed to comply with the governing rules and the Court's previous orders to propound discovery requests.

Plaintiff is directed to properly propound the limited discovery requests on Defendants within fourteen (14) days, by August 28, 2025. Upon receipt of the discovery requests, Defendants are ordered to formally respond within seven (7) days. Once the responses are received and reviewed, if Plaintiff challenges the sufficiency of the responses, he shall first seek to cure any deficiencies by meeting and conferring with defense counsel before seeking Court intervention. The parties are referred to the Court's governing Case Management Order [13] for guidance regarding resolution of discovery disputes. While, the Court recognizes Plaintiff's *pro se* status, the Court admonishes the Plaintiff regarding the importance of adhering to the rules and orders governing this case. Thus, Plaintiff is warned that this Court will deny or strike future discovery motions, filed without this Court's approval.

This Court likewise finds that Plaintiff's remaining Motion to Compel Initial Disclosures [17], filed March 19, 2025, and his Motion to Compel Discovery [27], filed July 10, 2025, were also filed without first complying with the procedures set forth in the Federal Rules of Civil Procedure and the Court's Case Management Order [13]. The Court again declines to consider the arguments on the merits due to Plaintiff's failure to comply with the Court's orders. Both motions

are due to be denied. As to Motion to Compel at [17], the Court also finds that Plaintiff's motion is rendered moot, as he seeks an order compelling Defendants to serve their initial disclosures after the Defendants served the disclosures. A review of the docket reflects that Defendants filed a Notice of Service of the discovery disclosures on March 18, 2025. *See* Doc. [16]. Plaintiff filed his Motion to compel the disclosures one day after the disclosures were already served, thereby rending the Motion [17] moot.[3] The Court finds that Plaintiff's Motion to Compel Initial Disclosures [17] is hereby DENIED AS MOOT and for failure to comply with the Court's procedural requirements. The Motion to Compel Discovery [27] is hereby DENIED WITHOUT PREJUDICE, for failure to comply with the Court's procedural requirements.

## II.    Motion to Amend [18]

On March 27, 2025, Plaintiff filed a Motion to Amend Complaint [18], wherein he moves for leave to add newly discovered witnesses and defendants and to substitute defendant John Doe. Doc. [18]. Pursuant to Rule 15(a), Plaintiff moves to add as witnesses and/or potential defendants several agents that were "newly identified" in a statement submitted by Defendants on March 18, 2025. *Id.* at 1. Specifically, "Plaintiff seeks to substitute Defendant John Doe with the names of the newly identified defendants: Agent Everette Fox, Agent David Creel, Lt. Joe Mercado, and Agent Dan Boyd." *Id.* at 2.

Defendants respond in opposition, urging this Court to deny the motion to amend as futile. Response in Opposition, Doc. [23]. Defendant contends Plaintiff has provided no specific factual allegation of wrongdoing against any other officer identified in Deputy Trey Fox's report. *Id.* at 1. They oppose the requested substitution or addition of the additional officers as defendants, as they

---

[3] Notably, the docket also reveals that since the filing of the motions to compel disclosures, Defendants have supplemented their initial disclosures. *See* Supplemental Notice of Service of Disclosure [24], filed on June 18, 2025; *see also* Notice of Service of Second Supplemental Disclosure [25].

argue the Plaintiff merely identifies the additional officers as witnesses to the incident. *Id.* Additionally, Defendants say the motion should be denied, because Plaintiff failed to attach a proposed amended complaint to the motion seeking leave to amend, as required by Rule 15. *Id.* at 2.

Plaintiff files a Rebuttal [28] in support of his motion for leave to amend. Plaintiff disputes Defendants claims that the motion is futile. He reasserts that his motion is based on newly discovered evidence and witness information that was not available when he commenced this lawsuit. *Id.* He avers the proposed new defendants participated in the underlying events, but their identities were unknown until he received Officer Fox's report and related evidence. *Id.* Plaintiff argues the newly discovered information is crucial for establishing his claims and developing the facts of his case. *Id.* at 1-2. He outlines the potential testimony of each proposed defendant and argues the "new witnesses' testimonies will likely establish the unlawfulness of the arrest and detention." *Id.* at 2. Thus, he contends the proposed amendments are not futile. *Id.*

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court" and that "leave shall be freely given when justice so requires." However, leave to amend is not automatic. *Bloom v. Bexar Cty.*, 130 F.3d 722, 727 (5th Cir. 1997). The decision whether to grant or deny leave is within the sound discretion of the district court. *Id.*; *see also Halbert v. Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The factors to be considered by the court in exercising its discretion include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff offers no reply to Defendants' contention that the motion should be denied for failure to attach a proposed amended complaint, as required by Rule 15. Despite Defendants pointing out this deficiency, the Court notes Plaintiff has not filed a supplemental motion or sought leave to supplement his Motion to Amend. Yet again, the Court declines to consider Plaintiff's Motion [18] on the merits and instead denies on procedural grounds. Plaintiff brings his motion under Rule 15 of the Federal Rules of Civil Procedure. This Court's Local Rule provides: "[i]f leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading . . . ." L.U.Civ.R. 15. Upon review of the Motion [18], the undersigned finds that Plaintiff did not attach any exhibits to his proposed amended complaint, as required under Local Rule 15. Thus, the Motion to Amend [18] is hereby DENIED WITHOUT PREJUDICE for failure to comply with procedural requirements.

In light of the Court's denial of Plaintiff's Motion to Amend Complaint [18], Defendants' pending Motion to Extend Deadline to File Dispositive Motions [26] is hereby rendered MOOT. Defendants' request that this Court extend the deadline to file dispositive motions by 30 days beyond the date that it rules on Plaintiff's Motion to Amend. *Id.* at 3. Defendants submit that additional time is needed "if the Plaintiff's motion is granted, [because granting the motion] will potentially expand the number of Defendants as well as possible new claims." Doc. [26] at 2. Considering that this Court has denied rather than grant Plaintiff's motion to amend, the Court finds that Defendants' Motion to Extend [26] is hereby rendered MOOT at this time.

## **CONCLUSION**

In accordance with the foregoing, IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Discovery [9] is hereby DENIED WITHOUT PREJUDICE;

2. Plaintiff's Motion for Full Initial Disclosures [19] is hereby DENIED WITHOUT

   PREJUDICE;

3. As to Doc. Nos. [9] and [19], Plaintiff is directed to properly propound the limited discovery requests on Defendants within fourteen (14) days, by August 28, 2025. Upon receipt of the discovery requests, Defendants are ordered to formally respond within seven (7) days. Once the responses are received and reviewed, if Plaintiff challenges the sufficiency of the responses, he shall first seek to cure any deficiencies by meeting and conferring with defense counsel before seeking Court intervention;

4. Plaintiff's Motion to Compel Initial Disclosures [17] is hereby DENIED AS MOOT;

5. Plaintiff's Motion to Compel Discovery [27] is hereby DENIED WITHOUT PREJUDICE;

6. Plaintiff's Motion to Amend [18] is hereby DENIED WITHOUT PREJUDICE; and

7. Defendants' Motion to Extend Deadline to File Dispositive Motions [26] is hereby rendered MOOT.

**SO ORDERED** this the 14th day of August, 2025.

                              /s/ LaKeysha Greer Isaac
                              UNITED STATES MAGISTRATE JUDGE