IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSEPH BOURRAGE**,

        *Plaintiff*,

v.        CAUSE NO. 3:24-CV-537-CWR-LGI

**SHERIFF BILLIE SOLLIE** *et al.*,

        *Defendants*.

## ORDER

*Pro se* Plaintiff Joseph Bourrage has submitted a letter to the Court seeking "to address significant concerns related to the Defendants' Motion for Extension of Time to respond to [his] Motion for Summary Judgement." Docket No. 35. at 1.

Defendants filed their motion for extension of time on July 30, 2025. The Court granted the motion on July 31, 2025, and mailed Bourrage a copy of its Text Order that same day. Bourrage mailed his letter to the Court the following Monday, on August 4, 2025. It is unclear whether he received the Court's mailing before he sent his letter. To the extent that Bourrage's letter is intended as a response to Defendants' motion, it is denied as moot.[1] To the extent that his letter is intended as a request for reconsideration, it is denied.

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l*

---

[1] "No longer involving a real, live controversy." *Moot*, *Black's Law Dictionary* (12th ed. 2024).

*Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Because Bourrage's motion for reconsideration was filed less than 28 days after the Court's Text Order, it is treated as a Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e).

A Rule 59(e) motion "should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Brown v. Miss. Coop. Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004).

The first two circumstances do not apply here. As to the third, Bourrage argues that he "should not be penalized for the Defendants' scheduling conflicts." Docket No. 35 at 1. Defendants' one-week extension did not delay litigation. And Bourrage has not demonstrated what manifest injustice would result from the Court's decision to grant the motion. Accordingly, the request for reconsideration is denied.

**SO ORDERED**, this the 15th day of August, 2025.

> s/ Carlton W. Reeves
> UNITED STATES DISTRICT JUDGE